1  NICHOLAS M. WAJDA (State Bar #259178)
2  Attorney Email Address: nick@wajdalawgroup.com
   WAJDA LAW GROUP, APC
3  11400 West Olympic Boulevard, Suite 200M
   Los Angeles, California 90064
4  Telephone: (310) 997-0471
   Facsimile: (866) 286-8433
5  *Attorney for Plaintiff*

6

7                  **UNITED STATES DISTRICT COURT**
8                  **CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10  MARIA A. OCHOA, on behalf of herself and all others similarly situated, | Case No.   5:18-cv-02688 |
| 11                        Plaintiff, | **COMPLAINT FOR DAMAGES- CLASS ACTION** |
| 12            v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |
| 14  SUTTELL, HAMMER AND WHITE, P.C. d/b/a SUTTELL AND HAMMER, APC, | **DEMAND FOR JURY TRIAL** |
| 16                  Defendant. | |

17

18                     **CLASS ACTION COMPLAINT**

19    **NOW COMES** Maria A. Ochoa ("Plaintiff"), by and through her attorneys, Sulaiman Law

20  Group, Ltd., complaining as to the conduct of Suttell, Hammer and White P.C. d/b/a Suttell and

21  Hammer, APC ("Defendant") as follows:

22                         **NATURE OF THE ACTION**

23    1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection

24  Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

26                       **JURISDICTION AND VENUE**

27

28

                                    1

2.   Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, Plaintiff resides in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who resides in California and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5.   Defendant is located at 10900 NE 8th Street Suite 605, Bellevue, Washington 98004. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of California.

FACTS SUPPORTING CAUSES OF ACTION

6.   On or around October 10, 2018, Plaintiff received a dunning collection letter in the mail from Defendant. *See* Exhibit A, a true and correct copy of Defendant's letter to Plaintiff.

7.   Defendant's letter indicated that it acquired the right to attempt to collect on a Discover Bank account in the amount of $3,236.07 ("subject debt").

8.   Defendant attempted to coerce Plaintiff into paying the subject debt.

9.   The collection letter stated, "you are hereby notified that, unless payment or satisfactory arrangements for payment are made with our office no later than five (5) days from this letter, a

2

suit will be filed in the proper venue and court within California to enforce this debt." *See* Exhibit A.

10. The collection letter is threatening, deceptive, misleading, and unfair on its face.

11. Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

### CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on his own behalf and as a class action on behalf of the following class.

> All persons who received a Dunning Letter or other collection correspondence during the one year preceding the filing of this action through the date of class certification from Suttell, Hammer and White P.C. d/b/a Suttell and Hammer, APC that contained a portion indicating the filing of a lawsuit unless "payment" or "satisfactory arrangements for payment" are made in a manner substantially similar as the letter attached hereto as Exhibit A.

13. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

14. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

15. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, particularly because these are form Dunning Letters and are based on a common course of conduct by Defendant.

16. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

17. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

18. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending Dunning Letters or other collection letters to Class members which indicating the filing of a lawsuit unless "payment" or "satisfactory arrangements for payment" are made; (ii) whether Defendants violated the FDCPA by sending Dunning Letters or other collection letters to Class members representing that Class members had a 5-day deadline from the date of the letter to make payment or enter into a payment arrangement before suit is filed; (iii) whether Defendant is directly liable for its role in the sending of the Dunning Letter or other collections letters; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

25. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

27. Defendant violated 15 U.S.C. §§1692e, e(5), and f through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692e**

28. Defendant violated §1692e when it used false, deceptive, and misleading representation in connection to the subject debt. Defendant attempted to mislead Plaintiff into believing that if she did not pay the subject debt within five days, then Defendant would commence legal actions against Plaintiff.

29. By including these references, absent any sort of additional information, Defendant intended to instill a deceptive and false sense of urgency in Plaintiff and other recipients of these letters. To unsophisticated consumers, these references would result in such consumers thinking there is a heightened urgency to address the subject debt given the potential for a lawsuit and other legal action, even where no such action is intended by Defendant. The potential filing of a lawsuit in such a short period of time after the date of a letter such as Defendant's would naturally be a factor in Plaintiff's and consumers' decision making process in determining whether and when to address any purported obligation; and, the inclusion of these references would leave unsophisticated consumers guessing about the economic consequences of failing to pay immediately. In composing its dunning letter, Defendant failed to account for the fact that its dunning letter may take upwards or greater than 5 days to reach the intended recipient, causing the

Plaintiff and other consumers to feel a false and deceptive sense of urgency to make a payment to avoid a lawsuit.

30. Defendant violated §1692e(5) when it threatened to take legal action in which it did not actually intend to take. In the letter, Defendant threatened to file suit against Plaintiff if she did not arrange payments or satisfy the subject debt. Defendant had no intention in filing a suit against Plaintiff, rather Defendant used such threats to scare Plaintiff and other consumers into satisfying debts by creating a sense of undue urgency.

**b.  Violations of  FDCPA § 1692f**

31. Defendant violated §1692f by unfairly and unconscionably attempting to collect on the subject debt. Defendant's letter is unconscionable because it threatens to take legal action against Plaintiff if she does not satisfy the subject debt in five days. This unfair and unconscionable threat was implemented by Defendant in order to hurry and scare Plaintiff and other similarly situated consumers into making a payment on debts. Defendant's conduct was unfair because it gave Plaintiff and other similarly situated consumers the impression that there is no option or legal right available to them but to pay debts by a baseless deadline.

32. Defendant's letter was dated October 10, 2018. Plaintiff received the letter days later and was given the false impression that she was up against a false 5-day deadline to make a payment in order to avoid a lawsuit.

33. Upon information and belief, Defendant has sent this form letter to greater than 100 consumers in the past year.

34. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on debt through unfair, misleading, and deceptive letters mailed to unsophisticated consumers.

35. Upon information and belief, Defendant systematically sends unfair and deceptive letters to consumers in California in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

36. Upon information and belief, Defendant routinely sends such letters to consumers in order to instill within consumers, such as Plaintiff and all proposed Class members, a sense of panic to pay debts in a short time period to avoid a lawsuit.

37. Defendant knows that consumers do not receive its dunning letters with enough time to make a calculated decision. Rather, Defendant purposely sets a 5-day deadline for consumers to address debts with knowledge that consumers, such as Plaintiff and proposed Class members, will rely on the undue 5-day deadline to make an unsophisticated decision and pay debts under duress.

38. Defendant's collection letters were sent to intentionally instill within Plaintiff and proposed Class members the impression that they had no option but to pay debts in such little time upon receipt of Defendant's dunning letter.

39. As stated above, Plaintiff and all proposed Class members were severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MARIA S. OCHOA respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

    c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    e. Award any other relief as the Honorable Court deems just and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: December 31, 2018                    Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com